NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In Re RICARDO J. CALDERON LOPEZ, dba Starlight Consulting Services, dba Starlight Entertainment Enterprises, Inc., dba Starlight Music Management, Inc.,**

*Petitioner*

2025-151

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:25-cv-01073-KCD, Judge Kathryn C. Davis.

## ON PETITION AND MOTION

PER CURIAM.

## O R D E R

Ricardo J. Calderon Lopez filed a complaint at the United States Court of Federal Claims along with a motion to proceed *in forma pauperis* ("IFP").  On July 24, 2025, the court denied the IFP motion because of his history of filing complaints that were frivolous or filed in a court that lacked jurisdiction and because the current complaint "suffers from similar deficiencies."  ECF No. 2 at 15.  Mr. Lopez moved for reconsideration, which the court denied on August 28, 2025.  On September 5, 2025, he filed this petition

attaching a copy of the trial court's August 28, 2025 order requiring him to pay the filing fee.

Orders denying IFP status are generally immediately appealable. *See Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). Because Mr. Lopez's petition, liberally construed, can be understood as challenging the trial court's denial of IFP status, we construe it as a timely notice of appeal, and thus mandamus relief is not available. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other adequate means of attaining the relief, such as by appeal); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (noting "whatever may be done without the writ may not be done with it").

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied. ECF No. 2 is treated as a timely notice of appeal consistent with Rule 4(d) of the Federal Rules of Appellate Procedure. The Clerk of Court shall transfer this matter to the court's normal appeals docket.

(2) The Clerk of Court shall also transmit Mr. Lopez's motion for leave to proceed *in forma pauperis* on appeal and a copy of this order to the normal appeals docket.

IN RE LOPEZ                                                                          3

(3) Within 40 days of the date of docketing of this matter on the court's regular docket, the parties are directed to address whether this appeal should be dismissed as frivolous or whether the judgment of the trial court should be summarily affirmed. *See generally* 28 U.S.C. § 1915(e)(2)(B)(i) (providing that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious"). The proceedings in the appeal are otherwise stayed.

FOR THE COURT

October 28, 2025                                Jarrett B. Perlow
Date                                            Clerk of Court